

Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                                Logon

**15AB-AC00377 - MICK BIRD ET AL V ASSET ACCEPTANCE LLC (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending   Display Options: All Entries

| | | |
|---|---|---|
| 03/30/2015 | **Civil Setting Scheduled** | |
| | Scheduled For: 05/04/2015; 11:00 AM ; STANLEY DALE WILLIAMS; Franklin County | |
| | **Hearing Continued/Rescheduled** | |
| | Hearing Continued From: 04/06/2015; 11:00 AM Civil Setting | |
| | **Motion for Continuance** | |
| | Plaintiff s Motion for Continuance. | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| |    On Behalf Of: MICK BIRD, SANDRA A BIRD | |
| 03/18/2015 | **Summons Personally Served** | |
| | Document ID - 15-ADSM-325; Served To - ASSET ACCEPTANCE LLC; Server - COLE COUNTY SHERIFF DEPARTMENT; Served Date - 06-MAR-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served | |
| | **Notice of Service** | |
| | Return of Service on Defendant Asset Acceptance. | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| |    On Behalf Of: MICK BIRD, SANDRA A BIRD | |
| 03/04/2015 | **Order - Special Process Server** | |
| | Associated Entries:03/03/2015 - Motion Special Process Server | |
| 03/03/2015 | **Motion Special Process Server** | |
| | Plaintiff s Request for Appointment of Special Process Server. Mark Wilcox | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| |    On Behalf Of: MICK BIRD, SANDRA A BIRD | |
| | Associated Entries:03/04/2015 - Order - Special Process Server | |
| 02/19/2015 | **Summons Issued-Associate** | |
| | Document ID: 15-ADSM-325, for ASSET ACCEPTANCE LLC. | |
| | **Civil Setting Scheduled** | |
| | Associated Entries:03/30/2015 - Hearing Continued/Rescheduled | |
| | Scheduled For: 04/06/2015; 11:00 AM ; STANLEY DALE WILLIAMS; Franklin County | |
| 02/11/2015 | **Filing Info Sheet eFiling** | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| | **Motion Special Process Server** | |
| | Plaintiff s Request for Appointment of Special Process Server. | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| |    On Behalf Of: MICK BIRD, SANDRA A BIRD | |
| | **Pet Filed in Associate Ct** | |
| | Petition. | |
| |    Filed By: RICHARD ANTHONY VOYTAS Jr. | |
| | **Judge Assigned** | |

Case.net Version 5.13.7.0                    Return to Top of Page                    Released 01/07/2015



# IN THE 20TH JUDICIAL CIRCUIT COURT, FRANKLIN COUNTY, MISSOURI

| Judge or Division:<br>STANLEY DALE WILLIAMS | Case Number: 15AB-AC00377 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICK BIRD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>#1 NORTH TAYLOR AVE<br>SAINT LOUIS, MO 63108 | |
| Defendant/Respondent:<br>ASSET ACCEPTANCE LLC | Date, Time and Location of Court Appearance:<br>06-APR-2015, 11:00 AM | |
| Nature of Suit:<br>AC Other Tort | DIVISION 7<br>401 EAST MAIN ST, RM 100A<br>UNION, MO 63084 | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to: ASSET ACCEPTANCE LLC
Alias:
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR
JEFFERSON CITY, MO 65101

**SPECIAL PROCESS SERVER**

**COURT SEAL OF**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**FRANKLIN COUNTY**

2 19 15
Date

_Bill D. Miller_
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other_____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____      _____
                              Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $___10.00_____
Mileage          $_____ (_____ miles @ $_____ per mile)
**Total**        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT
FRANKLIN COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **MICK BIRD AND SANDRA BIRD,** )<br>)<br>Plaintiffs, )<br>) Case No.<br>v. )<br>) Division<br>**ASSET ACCEPTANCE, LLC,** )<br>)<br>Serve at: )<br>CSC-Lawyers Incorporating Service Company )<br>221 Bolivar Street )<br>Jefferson City, Missouri 65101 ) **JURY TRIAL DEMANDED**<br>)<br>Defendant. ) | |

## PETITION

COME NOW, Plaintiffs, Mick and Sandra Bird, and for their Petition state as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiffs demand a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has original jurisdiction over Plaintiffs' FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiffs in Franklin County, Missouri. Venue is also proper in Franklin County, Missouri for this reason.

1

## PARTIES

4. Plaintiffs are natural persons currently residing in Franklin County, Missouri. Plaintiffs are "consumers" within the meaning of the FDCPA. The alleged debt Plaintiffs owe arises out of consumer, family, and household transactions. Specifically, the alleged debt arises out of a personal credit card.

5. Defendant Asset Acceptance, LLC is a foreign limited liability company with its principal place of business in Warren, Michigan.

6. Asset Acceptance engages in business the principal purpose of which is the collection of debts in Missouri and nationwide, and it regularly attempts to collect debts alleged to be due another.

7. Asset Acceptance is engaged in the collection of debts from consumers using the mail and telephone. Asset Acceptance is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

8. Defendant's collection activity of which Plaintiffs complain occurred within the previous twelve (12) months.

9. On April 26, 2012, Asset Acceptance filed a lawsuit against Plaintiffs in Franklin County Circuit Court, Case No. 12AB-AC00849, for the alleged non-payment of a GEMB/Preferred Floor Covering credit card.

10. Immediately thereafter, on May 2, 2012, attorneys Kristoffer Boevingloh & George Pliakos entered their appearances on behalf of Plaintiffs and began defending them against Defendant's claims.

2

11. That same day, Plaintiffs, by and through their attorneys Boevingloh & Pliakos, filed their Answer denying all materials allegations and served Defendant with discovery requests demanding strict proof of the allegations within Defendant's Petition.

12. As of May 2, 2012, Defendant possessed actual knowledge that Plaintiffs were disputing the debt and that attorneys Boevingloh & Pliakos were representing Plaintiffs on the alleged debt.

13. In response to Plaintiffs' request for proof of the alleged debt, Defendant refused to send any documentation and instead quickly dismissed the lawsuit on June 25, 2012, just three (3) months after it had filed it.

14. As of March 2014, any suit arising out of the alleged debt was time-barred to the best of Plaintiffs' understanding.

15. Due to its earlier failings, if Defendant was able to induce Plaintiffs into making a payment on the time-barred debt, however small, that payment would revive the debt.

16. Accordingly, Defendant had a strong incentive to conceal or otherwise avoid disclosing the time-barred nature of Plaintiffs' alleged GEMB debt.

17. Defendant already knew Boevingloh & Pliakos was representing Plaintiffs on the alleged GEMB debt.

18. Pursuant to 15 U.S.C. § 1692c, once Defendant possessed knowledge notice that Plaintiffs were represented by counsel with respect to the debt it was trying to collect, Defendant was flatly prohibited from any further communication with Plaintiffs, other than for the limited purpose of obtaining contact information for Plaintiffs' attorneys.

3

19. Nevertheless, in an attempt to take advantage of Plaintiffs' unsophisticated understanding of the time-barred nature of their alleged debt, Defendant blatantly bypassed their attorneys and mailed a "settlement offer" directly to Plaintiffs on March 1, 2014.

20. The letter stated that Plaintiffs owed Defendant $5,217.82 on the alleged GEMB debt, but represented, in bold-typeface, that the company was providing an enticing "SETTLEMENT OFFER" with a severely reduced payment plan.

21. Specifically, Defendant offered to accept only $2,348.02; well-over half of the amount Plaintiff purportedly owed.

22. Defendant's calculated refusal to inform Plaintiffs that the alleged debt was time-barred while concurrently offering a significant settlement offer was done in an effort to manipulate Plaintiffs into paying a portion of the time-barred debt.

23. After it mailed out its deceptive "settlement" letter to Plaintiffs – whom Defendant knew were represented by counsel – Defendant refused to cease its direct and unlawful contact with Plaintiffs.

24. Even though Defendant possessed actual knowledge of that Plaintiffs were represented by Boevingloh & Pliakos, Defendant made numerous phone calls to the Plaintiffs over the past year.

25. Since Defendant already possessed the contact information for Boevingloh & Pliakos, it had no other purpose of contacting Plaintiffs other than to collect the alleged debt.

26. Additionally, in August of 2014, Plaintiffs obtained a copy of their credit reports and noticed Defendant was still reporting the alleged debt as undisputed and in collections even though Plaintiffs had already defended the underlying lawsuit in which they affirmatively denied the allegations and disputed the validity of the alleged debt.

4

27. Plaintiffs had just been denied an automobile loan at the discount interest rate. The dealership informed them that the reason for the denial was the negative and undisputed entry that Defendant was reporting on their credit reports.

28. Plaintiffs were forced to obtain a loan at an interest rate of approximately nine (9) percent and have since paid hundreds-of-dollars in excess of the amount they would have owed absent Defendant's unlawful collection activity.

29. Therefore, on August 4, 2014, Plaintiffs mailed Defendant a letter wherein they requested the negative entry that was being misreported as undisputed be corrected and removed. Within that correspondence, Plaintiffs attached a copy of the prior lawsuit, providing yet another reminder to Defendant that Boevingloh & Pliakos were representing Plaintiffs on the alleged debt.

30. Undeterred, Defendant continued to place numerous phones call directly to the represented Plaintiffs and also failed to promptly correct the information it was misreporting on Plaintiffs' credit reports.

31. Given Defendant's continued unlawful collection activity, Plaintiff Sandra Bird called Defendant on December 5, 2014 in order to stop Defendant's harassing amount of phone calls and unlawful collection activity.

32. During the call, Defendant confessed that it had failed to place Plaintiffs' account in a "cease communication" status.

33. Defendant explained that placing Plaintiffs' account in such a status was as simple as "pushing a few buttons."

34. Moreover, Defendant explained that it had been credit reporting Plaintiffs' alleged debt since 2011. Upon receiving Plaintiffs' denial and dispute of the debt in connection with the

5

2012 Franklin County lawsuit, Defendant failed to update its negative entry to reflect that it was disputed.

35. Before ending the call, Plaintiff, once again, provided her attorneys' names, Boevingloh & Pliakos, and their contact information. Plaintiff pleaded that she no longer be contacted by the Defendant.

36. Defendant assured Plaintiff that it would only contact her attorneys going forward.

37. As Plaintiff would soon discover, this was a lie.

38. The initial call occurred at 8:36 a.m. CST. That very same day, mere hours after once again receiving Plaintiffs' attorney information and guaranteeing Plaintiff that it would stop its unlawful collection calls, Defendant incredibly called Plaintiff yet again at 11:48 a.m. CST.

39. Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes with Defendant.

40. Defendant's collection attempts have caused Plaintiffs to suffer actual damages including but not limited to anxiety, embarrassment, sleeplessness, worry, and economic damages related to materially higher interest rates on their auto loan.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiffs re-allege and incorporate by reference all of the above paragraphs.

42. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, but not limited to, the following:

   a. Communicating with a consumer Defendant knew to be represented by counsel. 15 U.S.C. § 1692c.

    b.    Misrepresenting the character, amount, and legal status of the debt, including concealing the fact that an alleged debt was time-barred within a collection communication. 15 U.S.C. § 1692e.

    c.    Using a false, deceptive, or misleading representation or means in connection with the collection of any debt, including offering a purported settlement amount on a time-barred debt without disclosing the time-barred nature of the debt. 15 U.S.C. § 1692e.

    d.    Engaging in deceptive, harassing, and unfair conduct in the collection of a debt, including making a harassing amount of phone calls to a consumer who Defendant otherwise knew was represented by an attorney on the same alleged debt it was attempting to collect. 15 U.S.C. §§ 1692d-f;

    e.    Failing to communicate and update a consumer's credit report that an apparently undisputed debt was in fact disputed. 15 U.S.C. § 1692e.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

    D.    For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

7

          **RICHARD A. VOYTAS, #52046**
          **ALEXANDER J. CORNWELL, #64793**
          Voytas & Company
          1 North Taylor Ave.
          St. Louis, Missouri 63108
          Phone: (314) 932-1068

8